UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DANIELLE STEPHENS,                       )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    Case No. 21-CV-285-CVE-SH
                                         )
TRANSUNION,                              )
EQUIFAX, and                             )
EXPERIAN,                                )
                                         )
        Defendants.                      )

## OPINION AND ORDER

Now before the Court are the following motions: plaintiff's motion for default judgment (Dkt. # 9), Defendants Equifax, Experian and Trans Union's Joint Motion to Dismiss Plaintiff's Amended Complaint and Opening Brief in Support (Dkt. # 10); plaintiff's motion to withdraw her motion for default judgment (Dkt. # 16), and plaintiff's motion for leave to file a second amended complaint (Dkt. # 17).[1] Plaintiff is proceeding pro se and she has alleged claims against defendants concerning information on her credit report. Defendants argue that plaintiff has failed to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA), and any common law claims that plaintiff could be alleging are preempted by the FCRA. Plaintiff has filed a motion (Dkt. # 17) requesting leave to file an amended complaint, and the motion appears to be the second amended complaint plaintiff is requesting leave to file. In light of plaintiff's pro se status, the Court

---

[1] Plaintiff has filed a motion (Dkt. # 16) to withdraw her motion for default judgment "due to error in the end date of the [s]ummons . . . ." Plaintiff's motion (Dkt. # 16) is granted, and her motion for default judgment (Dkt. # 9) is withdrawn.

will treat plaintiff's motion (Dkt. # 17) as a proposed second amended complaint to determine whether she could state a viable claim against defendants.

On July 19, 2021, plaintiff filed an amended complaint (Dkt. # 5) using a form provided to pro se litigants for filing civil claims concerning the alleged violation of the plaintiff's federal constitutional rights, and plaintiff checked a box stating that she intended to file claim against state or local officials under 42 U.S.C. § 1983. The amended complaint contains numerous statutory references to the FCRA, and she also alleges that defendants committed mail and bank fraud in violation of 18 U.S.C. §§ 1341 and 1344. However, there are few factual allegations contained in plaintiff's amended complaint or proposed second amended complaint (Dkt. # 17). Plaintiff alleges that each defendant "acted with malice or willful intent to injure" her, and the events giving rise to her claims occurred "on [her] credit report." Dkt. # 5, at 4-5. Plaintiff claims that each defendant "humiliates me allegedly by posting late payments, credit utilization, collection and mortgage forbearance etc. so now when I try to do business they are biased towards me based on my consumer reports." Id. at 5. She further alleges that each defendant's actions have "caused me anguish because companies have denied me access to my credit or they are giving lower limits and higher interest rates." Id. Plaintiff seeks over $1 million in damages and she asks the Court to order defendants to remove derogatory information from her credit report. Id. at 8. Plaintiff has attached documents to her amended complaint (Dkt. # 5) and proposed second amended complaint (Dkt. # 17) showing that she has disputed information on her credit report. As a result of these disputes, some items were removed from plaintiff's credit report following an investigation, but other disputed items were determined to be legitimate reports of outstanding debts or missed payments.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendants argue that plaintiff has not stated a claim under any provision of the FCRA based on her vague and conclusory factual allegations.[2] Construing plaintiff's pro se pleadings broadly, she appears to be alleging that defendants negligently failed to ensure that information on her credit report was accurate and that defendants had inadequate procedures to investigate disputes of allegedly inaccurate information on a credit report. Dkt. # 5, at 5; Dkt. # 17, at 4. Under 15 U.S.C. § 1681e(b), a consumer reporting agency "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To state a claim under this section, a plaintiff must allege that a consumer reporting agency failed to follow reasonable procedures to assure the accuracy of her credit report, the credit report was actually inaccurate, and the consumer reporting agency's actions harmed the plaintiff. Stewart v. Equifax Information Services, LLC, 320 F. Supp. 3d 1186, 1207 (D. Kan. 2018). Plaintiff could also be attempting to allege a claim under 15 U.S.C. § 1681i(a), which requires credit reporting agencies to conduct a reasonable investigation when a consumer disputes whether certain information on his or her credit report is accurate.

The Court has reviewed plaintiff's amended complaint, proposed second amended complaint, and the attached documents, and finds no specific allegations that would support an FCRA claim under any theory. At most, plaintiff has alleged general grievances with the credit reporting system, and she has not alleged that any inaccurate information was included on her credit report or that

---

[2] Defendants also argue that plaintiff has failed to state a claim under § 1983. The Court has reviewed plaintiff's amended complaint (Dkt. # 5), and it does not appear that she is attempting to allege a § 1983 claim against any of the defendants. Plaintiff used a form available to pro se litigants for filing § 1983 claims, but she does not allege that defendants are state actors or that any governmental entity bears responsibility for allegedly inaccurate information on her credit report. The Court will rely on the factual allegations, rather than the form selected by plaintiff, to determine the nature of her claims against defendants.

defendants failed to investigate her disputes. She claims that she has been "humiliated" by the posting of late payments or collection actions to her credit report, and she further claims that businesses and potential creditors are "biased" against her due to her poor credit history. Dkt. # 5, at 7. This does not mean that the credit reporting agencies have done anything improper by accurately reporting plaintiff's credit history, and these are merely consequences of unfavorable information that is included in plaintiff's credit report. The documents attached to plaintiff's amended complaint and proposed second amended complaint show that defendants considered plaintiff's disputes with certain items on her credit report, and numerous items were deleted from plaintiff's credit report after defendants investigated plaintiff's disputes. Plaintiff has not adequately alleged an FCRA claim under theories that her credit report contains inaccurate information or that defendants failed to investigate her disputes with the credit report.[3] Plaintiff also alleges that defendants committed mail and bank fraud in violation of §§ 1341 and 1344. However, neither of these criminal statutes gives rise to a private right of action in a civil case. Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999); Brown v. Demchak, 2021 WL 4552964, *3 (W.D. Pa. Oct. 5, 2021); Hunter v. Hirsig, 2015 WL 10876919, *5 (D. Wyo. Oct. 20, 2015). The Court finds that plaintiff has not alleged a plausible claim against defendants, and defendants' motion to dismiss (Dkt. # 10) should be granted.

---

[3] Construing plaintiff's pro se pleadings broadly, she could be attempting to assert a common law fraud claim against defendants. However, the FCRA expressly preempts most common law claims against credit reporting agencies, and plaintiff has made no attempt to show that she would be permitted to proceed with a common law claim under 15 U.S.C. § 1681h(e).

**IT IS THEREFORE ORDERED** that Defendants Equifax, Experian and Trans Union's Joint Motion to Dismiss Plaintiff's Amended Complaint and Opening Brief in Support (Dkt. # 10) is **granted**, and plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss Motion for Default Judgment (Dkt. # 16) is **granted**, and plaintiff's Motion for Default Judgment (Dkt. # 9) is **withdrawn**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a second amended complaint (Dkt. # 17) is **moot**.

**DATED** this 25th day of March, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE